**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROBERT A. AUSTIN and RAAPOETRY, LLC,

Plaintiffs,

v.

CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS,

Defendants.

Case No. 26-cv-2296

Judge Sharon Johnson Coleman

## ORDER

Plaintiffs Robert A. Austin ("Austin") and RAAPoetry, LLC ("RAAPoetry") accuse Defendants City of Chicago ("the City") and multiple unknown Chicago Police Officers (together, "Unknown Officers") of violating his civil rights by smearing human feces on his face and forcing him to ingest feces while he was in police custody. Austin also brings a number of state law claims against Defendants. The City of Chicago has moved to dismiss all counts against it for failure to state a claim. As an initial matter, the Court dismisses RAAPoetry for lack of standing. The Court then finds that the state law claims against the City and all claims against the Unknown Officer Defendants are bared by the statute of limitations. Finally, the Court grants the City's motion to dismiss and dismisses all remaining claims against the City. As such, all claims are dismissed, without prejudice.

## BACKGROUND

The following facts are drawn from Austin's complaint (dkt. 1) and are assumed true for the purpose of resolving the motion to dismiss.

The Chicago Police arrested Plaintiff Robert A. Austin on March 11, 2024 after he allegedly fired a gun in self-defense. Austin claims that, while he was in jail, the police injected him with a

sedative and then, while he was asleep, smeared human feces on his face and put feces in his mouth. This caused Austin to ingest feces, resulting in his "immediate incapacitation" and necessitating a trip to the emergency room. The police took Austin to the hospital on March 12, 2024; it is uncertain whether the alleged smearing of feces occurred on March 11 or March 12. The hospital discharged Austin into the custody of the Cook County Department of Corrections on March 14, 2024.

On March 2, 2026, Austin filed his complaint in this case. Dkt. 1. The City filed the instant motion to dismiss on May 1, 2026. Dkt. 13. After some delays, Austin timely filed his response on June 16, 2026, dkt. 22, and the City filed its reply on June 31, dkt. 29, after which the Court took the matter under advisement. Afterward, on August 28, 2026, Austin filed several discovery requests on the docket, even though a Rule 26 conference has not yet been held. Dkt. 35, 37, 39. The City then moved to stay those requests, and all other discovery, pending resolution of the motion to dismiss. Dkt. 40. The Court granted that motion. Dkt. 42.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. See *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). A court may not dismiss a complaint on the basis of an

affirmative defense unless the allegations in the complaint establish that the affirmative defense is "airtight." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

## DISCUSSION

### I. Standing of RAAPoetry

As an initial matter, the Court must *sua sponte* dismiss RAAPoetry for lack of standing. Article III of the U.S. Constitution "requires the litigant to prove that he has suffered a concrete and particularized injury[.]" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). Lack of standing deprives a court of subject-matter jurisdiction, *id.*, and courts must address any question of jurisdiction before adjudicating the merits of a case, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Here, the complaint does not mention RAAPoetry at all, so there is no allegation that RAAPoetry suffered any injury. Even drawing every possible inference in Plaintiffs' favor, there is no conceivable way that RAAPoetry—a limited liability corporation—could have been a victim of the police misconduct described in the complaint. The Court therefore finds *sua sponte* that RAAPoetry has no standing and must be dismissed from this case. *See* Fed. R. Civ. P. 12(h)(3).

### II. Statutes of Limitations

The City did not raise any statute of limitations arguments in its motion to dismiss. *See generally* dkt. 13. It did raise such arguments in its subsequent motion to stay discovery. *See* dkt. 40 at *10–14. Those arguments, of course, are not properly part of the City's motion to dismiss, and the Court also did not consider them in granting the City's motion to stay discovery. *See* dkt. 42. However, "a district court has the power to *sua sponte* dismiss a case based on the statute of limitations," albeit "only if the complaint is clearly untimely." *Hecke v. Unknown Agents of Drug Enf't Admin.*, No. 22-2314, 2022 WL

4353550, at *2 (7th Cir. Sept. 20, 2022). Here, the face of the complaint shows that Austin's claims are indeed clearly untimely, so *sua sponte* dismissal is proper.

Austin alleges that he was arrested on March 11, 2024, that he was transported to the hospital on March 12, and that he was released from the hospital on March 14. As such, the police misconduct alleged in the complaint must have happened no later than March 12, 2024. Under Illinois law, tort claims generally accrue "when the plaintiff suffers injury"; or, if the plaintiff did not know of the injury when it occurred, then under the discovery rule the claim accrues when the plaintiff knew or should have known he was injured. *Cassidy v. Derek Bryant Ins. Brokers, Ltd.*, 244 Ill. App. 3d 1054, 1064 (1993). Drawing every reasonable inference in Austin's favor, the Court finds that he must have known of his injury by the time he left the hospital, and that his claims therefore accrued no later than March 14, 2024.

### *A. Illinois Law Claims*

Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), "No civil action other than an action [arising out of patient care] may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). Because all Defendants in this case are either a local entity (the City) or employees of a local entity (the Unknown Officers), the statute of limitations for all of Austin's claims arising under Illinois law expired no later than March 12, 2025—one year after accrual. Austin filed his complaint on March 2, 2026. As such, at the time of filing the statute of limitations had been expired for nearly a year. It thus appears certain from the face of the complaint that all of Austin's Illinois law claims are untimely and must be dismissed.

*B. Federal Claims*

All of Austin's federal claims arise under 42 U.S.C. § 1983. Section 1983 claims occurring in Illinois incorporate Illinois's two-year statute of limitations for personal injury actions. *Bryant v. City of Chicago*, 746 F.3d 239, 241 (7th Cir. 2014). The statute of limitations for Austin's federal claims therefore expired no later than March 14, 2026. Austin filed his complaint on March 2, 2026, so his claims against the City are timely. However, his claims against the Unknown Officers are not. Under Seventh Circuit precedent, the statute of limitations continues to run for claims against anonymous defendants, even after a case has been filed, until the defendants have been officially named. *Hecke*, 2022 WL 4353550, at *2 (citing *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1414 (2022)). Here, the Unknown Officers still have not been named; consequently, the statute of limitations for Austin's federal claims against them expired no later than March 14, 2026, even though the suit had already been filed by that point.

It is also clear that Austin's claims against the Unknown Officers could not be saved by permitting an amended complaint naming the Officers following discovery. Under Federal Rule of Civil Procedure 15(c)(1)(C)(ii), an amended complaint substituting in a new defendant may relate back to the original complaint if the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." But this provision does not help Austin, because, under Seventh Circuit precedent, "naming a defendant as John Doe in the complaint is not based on an error, misconception, misunderstanding, or erroneous belief. … Rather, it is a deliberate choice." *Herrera*, 8 F.4th 493, 498. In other words, even if the Court were to permit an amended complaint naming the proper Defendants, no provision of the Federal Rules would permit the amended complaint to relate back with respect to the newly named

defendants.[1] The statute of limitations has therefore certainly expired for Austin's federal claims against the Unknown Officers, and those claims also must be dismissed.

## III. Failure to State a Claim against the City of Chicago

At this point, the only remaining claims are Austin's federal claims against the City. As noted above, all of Austin's federal claims arise through 42 U.S.C. § 1983. However, because § 1983 does not permit suits on the basis of *respondeat superior*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Consequently, a municipality such as the City can only be sued under § 1983 when such actions stem from a municipal policy, *id.*, a category that includes formal or official policies, informal policies that have been adopted in practice, and individual acts directed by those with final decision-making authority, *Simmons v. Chicago Bd. of Educ.*, 289 F.3d 488, 494 (7th Cir. 2002). Such actions implicate § 1983 because they may fairly be attributed to the municipality itself and not only to an individual employee. *Valentino v. Vill. of S. Chicago Heights*, 575 F.3d 664, 674 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 694). Here, Austin has not alleged anything resembling a municipal policy, whether formal or informal, or an act directed by an individual with final decision-making power for the City. Even if everything happened exactly the way that Austin describes, and even giving him the benefit of every reasonable inference, nothing in his complaint comes close to suggesting municipal action. As such, Austin has failed to state a claim under § 1983 against the City. The Court therefore grants the City's motion and dismisses the remaining claims against it.

---

[1] Similarly, even though one of Austin's stayed discovery requests asks for the names of the officers who allegedly smeared feces on his face, *see* dkt. 35, that request itself came more than five months after the statute of limitations had already expired. An amended complaint based on such information would therefore be futile.

## CONCLUSION

The Court *sua sponte* dismisses RAAPoetry, LLC as a plaintiff for lack of standing. The Court also *sua sponte* dismisses the state law claims against the City of Chicago and all claims against the Unknown Officer Defendants, because it is clear from the face of the complaint that these claims would violate the applicable statutes of limitations. Finally, the Court grants the City of Chicago's motion to dismiss [13] and dismisses all remaining claims against the City of Chicago. Accordingly, all claims are dismissed, without prejudice.

**IT IS SO ORDERED.**

Date: 11/17/2026

Entered: ______________________________
SHARON JOHNSON COLEMAN
United States District Judge